## S. S. MINER & CO. *v.* MARGARET O'SULLIVAN.

**Husband and Wife—Lien Note Against Husband.**

Where the wife pays off and takes up a lien note held against her husband, using her own money for such purpose, she may retain the lien as a lien note against her husband; and his creditors are in just as good a position as if said note were still held by the original payee.

APPEAL FROM FLEMING CIRCUIT COURT.

October 24, 1876.

OPINION BY JUDGE LINDSAY:

The evidence shows that the lien note held by D. K. Weis was paid off and taken up with money which Mrs. O'Sullivan held and owned previously to her marriage, and which her husband had not chosen to reduce to possession.

The fact that the husband, with the consent of the wife, took the money and in person paid off the note, did not necessarily destroy the wife's property in it. The proof shows that he did so with the express understanding that the wife was thereby to be substituted to the lien of Weis. The evidence on this subject is undisputed, and it rebuts any presumption that might otherwise arise, that the husband intended, and did exercise the right of converting the money in question to his own use. There was nothing fraudulent in the transaction.

Miner & Co. always held subject to this lien. They at no time had the legal right to look to the money of Mrs. O'Sullivan. It was utterly indifferent to them, whether the lien note should be held by Weis or Mrs. O'Sullivan. By the second mortgage all the parties, including Miner & Co., distinctly recognized the claim of Mrs. O'Sullivan. There is nothing in the record to show that this recognition was procured by fraud, and no reason is shown why the appellants should now be allowed to escape the legal consequences of the same.

It was perfectly legal and regular to adjudge that the sale should

be made on the mortgaged premises. The commissioner's report shows that he followed the directions of the judgment, and there is nothing in his conduct or in the conduct of Mrs. O'Sullivan, that should have prevented the confirmation of the sale.

We cannot regard the judgment as void. Judge Stanton was engaged in holding the circuit court of Fleming county on the day it was rendered. Neither he nor the parties had information that Judge Thomas, his successor, had received his commission. Judge Thomas did not take the oath of office until the day on which the judgment was rendered. He did not, so far as the evidence shows, assume on that day to enter upon the discharge of the duties of his office. The cause was submitted to Judge Stanton without objection and a judgment rendered at the instance of these appellants. Under such a state of case we will apply the rule, "That the law knows no fractions of a day," so as to uphold, rather than to defeat the judgment, and the qualification of Judge Thomas will be regarded as having taken place at the last moment of the day on which he took the oath of office, notwithstanding the incompetent testimony to the contrary. We do not intimate an opinion as to whether Stanton had the right to remain in office until the first Monday in September. The judgment of sale and the judgment confirming commissioner's report of sale are each *affirmed*.

*A. E. Cole, for appellants.*

*W. H. Cord, E. C. Phister, for appellee.*

